IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
NEW JERSEY

| | |
|---|---|
| 24-7 PRESTIGE TRANSPORTATION AND COURIER SERVICES, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JERSEY DRIVE SERVICES, LLC<br>AND JOSEPH GARCIA, INDIVIDUALLY<br><br>　　　　　　Defendants. | Civil Case No. _____<br><br>Civil Action<br><br>**COMPLAINT AND<br>JURY DEMAND**<br>***Document Electronically Filed*** |

24-7 Prestige Transportation and Courier Services, LLC ("Prestige Transportation" or "Plaintiff"), by their counsel, Kyberia Legal, LLC, brings this Complaint against Jersey Drive Services, LLC, and Joseph Garcia individually (together "Jersey Drive" or "Defendants") alleging the following:

## NATURE OF ACTION

1. This is an action to recover damages for Defendants' intentional and willful acts of: (a) False advertising, commercial disparagement under 15 U.S.C.S. 1125; (b) Defamation, liable and slander under New Jersey State Common Law; (c) unfair competition and tortious interference under New Jersey State Common Law; and (d) unjust enrichment under New Jersey State common law.

2. Plaintiff is a well-known provider of high-quality, private transportation services, in the state of New Jersey, and with employees local to Somerset County and the surrounding areas. Plaintiff has invested substantial efforts and capital into its goodwill, reputation and meticulous service for the satisfaction of its clients.

3. Defendants, with full knowledge of Plaintiff's existence, have made multiple public, false statements defaming Plaintiff's services, clients and marketing methods.

4. Plaintiff seeks permanent injunctive relief, compensatory damages, consequential damages, punitive damages and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under the Lanham Act, and pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b).

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims asserting defamation, liable, slander and unjust enrichment, which are so related to Plaintiff's federal claims that they form part of the same case or controversy.

7. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants (a) maintain one or more residences or physical places of business in the State of New Jersey; (b) regularly transact and conduct business within the State of New Jersey; or (c) have otherwise made or established contacts with the State of New Jersey sufficient to permit the exercise of personal jurisdiction.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391 in that this is the district in which: (i) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred; and/or (ii) a substantial part of property that is the subject of the action is situated.

## THE PARTIES

9. Plaintiff, Prestige Transportation, is a New Jersey Limited Liability Company with a place of business at 50 Division St #501, Somerville, NJ 08876.

10. Upon information and belief, Defendant, Jersey Drive Services, LLC, is a New Jersey Limited Liability Company with a place of business at 100 River Park Dr, Raritan, NJ 08869.

11. Upon information and belief, Defendant Mr. Joseph Garcia, owner or manager of Jersey Drive Services, LLC, resides at 7B Doughty St, Raritan, New Jersey, 08869. Mr. Garcia actively, knowingly, and personally engages in carrying out the wrongful acts alleged herein.

## FACTS SUPPORTING PLAINTIFF'S REQUESTED RELIEF

12. Plaintiff has provided private transportation services for different clients' needs, for over two years in the State of New Jersey, and neighboring States.

13. Prestige Transportation has invested substantial efforts and capital into its goodwill, reputation and meticulous service for the satisfaction of its clients.

14. Prestige Transportation has more than four hundred (400) Google reviews by clients who are praising the great and reliable service by Plaintiff.

15. Through the efforts of Plaintiff's services, Plaintiff has achieved an outstanding reputation and widespread recognition among the public for providing quality, on time, personalized private transportation services.

16. Plaintiff maintains a social media account on Facebook, under the name "24/7 Prestige Transportation & Courier Services".

17. Defendants maintain a social media account for their business, under the name "Jersey Drive Services".

18. Defendants maintain a social media account as an individual, under its name "Joseph Garcia".

19. Defendants are the manager of a social media Facebook group named "The Central Jersey Forum".

20. Plaintiff and Defendants are both members of local Facebook social media groups, such as the "Somerville NJ Community Page".

21. Defendants have made multiple defamatory and false statements concerning Plaintiff's services, marketing methods and clients.

22. Defendants' defamatory and false statements have been made on multiple online platforms, including social media platforms with thousands of members.

23. Defendants made these statements to unfairly compete with Plaintiff and to interfere with Plaintiff's business and clients.

24. On November 18, 2025, on Facebook "Somerville NJ Community Page" a post requested recommendations on private transportation companies, a third party user named Danny Greg recommended Plaintiff's services. Defendant replied and made direct defamatory and false statements against Plaintiff as follows:

> "I'm stating their [Prestige Transportation] Google reviews are fake plain as day, as well as most not all replies on these posts… Unethical marketing includes deceptive practices that mislead consumers, such as making false claims, using manipulative psychological tactics, exploiting vulnerable groups, and violating privacy. Other unethical tactics involve creating fake reviews, sending unsolicited emails, plagiarizing content, and distorting information for profit. These practices can damage a company's reputation, lead to legal issues, and erode customer trust."

25. Defendants' statements are false as all of the positive Google reviews on Plaintiff 's page are authentic comments by existing or previous clients of Plaintiff, and are

in fact, real.

26. Defendants' statements are false as the positive social media comments praising Plaintiff's services are authentic comments by existing or previous clients of Plaintiff.

27. Defendants' statements are false as Plaintiff has never used and/or has been involved in " Unethical marketing… deceptive practices that mislead consumers, such as making false claims, using manipulative psychological tactics, exploiting vulnerable groups, and violating privacy". Plaintiff in fact values its client's privacy and allows clients to opt-in and opt-out of its newsletter and advertisement.

28. Defendant statements are false as Plaintiff has never used and/or has been involved in "Other unethical tactics involve creating fake reviews, sending unsolicited emails, plagiarizing content, and distorting information for profit" as stated by Defendants.

29. Plaintiff has never paid for and/or used bots for its comments or online reviews.

30. Plaintiff has not been involved in any of the "unethical practices" Defendant is accusing Plaintiff to be involved in, and so the statements and insinuation that Plaintiff is involve in "legal issues" and "erode customer trust" are false and defamatory statements.

31. On November 19, 2025, in the same post, the third-party user Fred Torlish has posted a recommendation of Plaintiff's services, and argue following the previous post, that Plaintiff's services, and that Kate and David, owners of Plaintiff, individually are "100% authentic & 100% proficient." Defendant replied to this comment providing additional false statements as follows:

"So if you go to their Google reviews would you put money on it that all those

reviewers has [sic] in fact used their company? It's plain as day!"

32. Defendants' statements are false as all of the positive Google reviews of Plaintiff are authentic comments by existing or previous clients, and are in fact, real.

33. Defendants have made multiple statements insinuating the false statements as described above are related to Plaintiff services, clients and marketing methods. Defendant has signed more than one comment with "…Best regards, Joseph, Jersey Drive Services, LLC".

34. On or about November 18, 2025, Defendants made a statement on the same post advertising its own services, and third parties services, stating the comparison to Plaintiff services, as follows:

> "FYI Somerville be careful with the digital marketing companies that recommend limo company as well as their paid minions. This is a new marketing scene, but I can guarantee you that Jersey Drive Services is the only thing moving around here. 10 + years in business".

35. As stated above, Plaintiff does not pay "minions" or any other party for reviews on social media.

36. On November 19, 2025, Plaintiff served Defendant with a cease and desist letter demanding Defendants cease and desist from all unlawful conduct, retract and remove all false public allegations on or before November 21, 2025, but Defendants have not removed and retracted the public false allegations.

37. After receiving the cease and desist letter, on November 19, 2025, Defendants made public statements on Defendants' Business Facebook page, Jersey Drive Services, and on Defendant's Facebook group, named The Central Jersey Forum which has thousands of

members. Defendants tagged all of its Facebook friends and the Somerville NJ Community Page. Defendants stated as follows:

> "I need our Group members to defend my company in this group please. There was a request for Limousine recommendations and a digital marketing company is trying to defend their poor practices while all I'm trying to do is defend small businesses in town and not let out of towners infiltrate and saturate our market. Please join my efforts and I'll always have your back as well. Love, Joseph".

38. Defendants may not have added Plaintiff's name to the statement, but Defendants strongly insinuated the statement was referring to Plaintiff based on Defendants' recent statements directly against Plaintiff.

39. Defendants' statement is evidence of its willful intent and malice in interfering with Plaintiff's business even in light of Plaintiff's written demand to cease and information that advised Defendants that Plaintiff is local and does not pay for reviews and comments.

40. Defendants have publicly stated and posted on Mr. Joseph Garcia's individual Facebook page, that since posting of the defamatory false statements against Plaintiff, the views of Defendants' business Facebook page has increased last week to one hundred thousand forty-nine seventy hundred twenty-third views (149,723) which is a fifty seven percent increase from the week before. The graph attached to the Facebook post shows that the peak increase in views was between November 18, to November 19.

41. Defendants, attached to Mr. Joseph Garcia individual Facebook page post, state that the increase in views was in the cities of, Hillsborough, Bridgewater, Somerset, Somerville, Branchburg, Manville, Warren, Montgomery, and Raritan, all in the State of New

Jersey, where Plaintiff's clients reside.

42. It is undisputed that Defendants have gained economic interest by making public defamatory statements against Plaintiff. It is undisputed that Plaintiff has suffered and continues to suffer reputational and financial damage from Defendants' defamatory false statements.

## FIRST COUNT
### (False Advertising, Commercial Disparagement, 15 U.S.C.S. 1125)

43. Plaintiff incorporates its allegations contained in Paragraphs 1 through 42 above as if fully set forth herein.

44. Defendants made false and misleading statements about Plaintiff's business, the services provided, authenticity of its clients, and marketing methods.

45. Defendants' false and misleading statements about Plaintiff by way of advertising and promoting Defendants' services.

46. Defendants directly named their own services in contrast to other companies including Plaintiff. Following such comments, Defendant made direct false misleading statements against Plaintiff.

47. Defendants' false and misleading statements were published online, in a Facebook group with thousands of members. The Statements themselves received multiple comments from third parties.

48. Defendants' false and misleading statements actually deceived or had a tendency to deceive Plaintiff's clients and potential clients, as the statements were published in a community Facebook group with thousands of members, in response to a member searching services as those provided by Plaintiff.

49. Defendants' deception influenced Plaintiff's clients and potential clients,

from purchasing Plaintiff's services, to the extent they believed the false statements regarding the authenticity of Plaintiff's clients and reviews.

50. Defendants' false and misleading statements made public online, and travel in interstate commerce. Plaintiff provides its services locally in New Jersey, and in neighboring States as well, as mentioned on Plaintiff's website.

51. Due to the above, Plaintiff is injured and continues to be injured from the false and misleading statements.

52. Defendants false and misleading statements should be barred under 15 U.S.C.S. § 1125 of the Lanham Act.

53. Plaintiff is entitled to profits, damages, attorney fees and costs, as provided by law in an amount to be determined at trial, or any further relief as this court deems just and proper.

## SECOND COUNT
### (Defamation, libel and slander)

54. Plaintiff incorporates its allegations contained in Paragraphs 1 through 53 above as if fully set forth herein.

55. Defendants have made false and defamatory statements regarding Plaintiff's services, clients and marketing methods. Falsely stating that Plaintiff's Google reviews and comments replying on posts are not authentic, part of the false defamatory statement are as follows: "…exploiting vulnerable groups, and violating privacy… creating fake reviews, sending unsolicited information… distorting information for profit."

56. Defendants have made the above false and defamatory statements on social media, a public Facebook page with thousands of members. One of the groups was "Somerville NJ Community Page" of which Plaintiff's previous, current and prospective

clients are members.

57. The statements are unfounded and false regarding Plaintiff's services, clients and marketing methods.

58. The statements are false, public, and defamatory libel, harming Plaintiff's reputation and goodwill.

59. Plaintiff requests the court enter an injunction to prevent Defendant from continuing to make defamatory libel and slander statements.

60. Plaintiff is also entitled to damages and costs, as provided by law in an amount to be determined at trial, or any further relief as this court deems just and proper.

## THIRD COUNT
### (Unfair Competition, tortious interference)

61. Plaintiff incorporates its allegations contained in Paragraphs 1 through 60 above as if fully set forth herein.

62. Defendants are aware of Plaintiff's business, its success, and expectation to continue doing business in New Jersey, as Defendants have directly replied to comments from Plaintiff's clients who are praising Plaintiff's private transportation services.

63. Defendants' business is in direct competition with Plaintiff's business as both provide private transportation services in New Jersey State and in Somerville specifically.

64. Defendants' false statements were directed at Plaintiff's business, in replying to comments made by Plaintiff's clients who are praising Plaintiff's services, and in continuing to comment on the same false statements, and interfering with third parties' positive statements regarding Plaintiff's services.

65. Defendants' false statements were made with malice, intending to interfere and harm Plaintiff's business.

66. As a result of Defendants' false statements Plaintiff's reputation has been damaged.

67. Defendants' false statements constitute unfair competition, and tortious interference with Plaintiff's business, under New Jersey State law.

68. Defendants' illegal actions have caused damage to Plaintiff's business.

69. Plaintiff is entitled to profits, damages and costs, as provided by law in an amount to be determined at trial, or any further relief as this court deems just and proper.

## FOURTH COUNT
### (Unjust Enrichment)

70. Plaintiff incorporates its allegations contained in Paragraphs 1 through 69 above as if fully set forth herein.

71. Defendants' false, defamatory and misleading statements were made with full knowledge and understanding of the unlawful conduct.

72. Defendants' false and defamatory and misleading statements were made with the intent of diverting clients from Plaintiff to Defendant.

73. Defendants' wrongful actions, as described above and as provided by Defendants himself, on its individual Facebook page, provide unfair commercial and financial benefit to Defendants at Plaintiff's expanse, goodwill and reputation.

74. Upon information and belief, given that Plaintiff and Defendants are direct competitors in the marketplace, Defendants' defamatory and misleading statements caused sales to be diverted to Defendants when such sales would otherwise have gone to Plaintiff.

75. Defendants' wrongful actions are causing damage to Plaintiff.

76. Plaintiff is without an adequate remedy at law to compensate for Defendants' wrongful activity and therefore is entitled to injunctive relief, and profits made due to false

advertising, or any further relief as this court deems just and proper.

## FIFTH COUNT
### (Individual Liability)

77. Plaintiff incorporates its allegations contained in Paragraphs 1 through 76 above as if fully set forth herein.

78. Upon information and belief, Defendant Mr. Joseph Garcia ("Individual Defendant") is a manager, owner and/or founder of Jersey Drive Services, LLC, and exercise complete dominion and control over Jersey Drive Services, LLC.

79. Individual Defendant in his individual capacity knowingly and significantly participated in the unlawful, defamatory and tortious conduct alleged herein, including the defamatory, libel false statements against Plaintiff.

80. Individual Defendant signed his own name in multiple comments, and posted on his individual Facebook page to increase the advantage he received out of the unlawful conduct. Such conduct was intended to ensure the public was aware that Defendant is acting both in his Individual capacity and as a business, in the unlawful acts.

81. Individual Defendant is personally liable because he used his business entity to perpetrate unlawful acts against Plaintiffs and treated Jersey Drive Services, LLC, as his alter ego in order to facilitate and effectuate the unlawful conduct alleged herein.

82. Defendant Jersey Drive Services, LLC, is the alter ego of the Individual Defendant and together form a single personality for liability purposes.

83. Defendants' actions result in the piercing of Defendant Jersey Drive Services, LLC, corporate veil and corporate existence, thereby resulting in Individual Defendant's individual and personal liability for the claims asserted herein.

84. Plaintiff has been damaged in its business, property, and reputation, and such

injury also is irreparable as a result of Individual Defendant's unlawful and defamatory actions as alleged herein, which were intentional, malicious, and willful.

85.   By reason of Defendants' unfair competition, and tortious interference, Plaintiff is suffering and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing these wrongful acts, the damages to Plaintiff will increase.

86.   In addition to an injunction, Plaintiff is entitled to damages and costs, as provided by law at an amount to be determined at trial, or any further relief as this court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against Defendants as follows:

A.   That Defendants will immediately retract and remove all online comments referring to Plaintiff's services, clients and marketing methods;

B.   That Defendants, its agents, employees and/or servants shall be barred from making any and all defamatory statements directly or indirectly against Plaintiff's services, clients and marketing methods;

C.   That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the willful and unlawful acts of false advertisement above-described;

D.   That Defendants provide an accounting of all gains, profits and advantages derived as a result of the willful and unlawful acts of false advertising and commercial disparagement against Plaintiff as above-described;

E.   That Defendants be ordered to pay over to Plaintiff its actual damages sustained, in addition to all their profits attributable to the unlawful acts, and which are not

taken into account in computing Plaintiff's actual damages incurred as a result of Defendants' defamation, libel, unfair competition and tortious interference pursuant to New Jersey State common law;

F.   That Defendants be ordered to pay over to Plaintiff its actual damages sustained, in addition to all their profits attributable to the unlawful acts, and which are not taken into account in computing Plaintiff's actual damages incurred as a result of Defendants' false advertising and commercial disparagement described herein, pursuant to 15 U.S.C.S. § 1125(a);

G.   Awarding Plaintiff punitive damages and attorney fees in an amount to be determined;

H.   That Plaintiff recover judgment for such other and further relief as this court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands and requests a trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to file such specific amendments and/or additional claims as are applicable hereinafter to this action as the same is subsequently ascertained.

Dated:  November 24, 2025.

By: /s/*Lori P. Hager*
Lori P. Hager, Esq.
**Kyberia Legal LLC**
*Attorneys for Plaintiff,*
24-7 Prestige Transportation
and Courier Services, LLC

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

I hereby certify that, to my knowledge, the matter in controversy is not the subject of any other action or proceeding pending in any court or in any pending arbitration or administrative proceeding.

Dated: November 24, 2025.

By: /s/*Lori P. Hager*
Lori P. Hager, Esq.
**Kyberia Legal LLC**
*Attorneys for Plaintiff*,
24-7 Prestige Transportation and Courier Services, LLC