**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| 24-7 PRESTIGE TRANSPORTATION AND COURIER SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JERSEY DRIVE SERVICES, LLC and JOSEPH GARCIA, <br><br> Defendants. | Case No.:  3:25-cv-17892-GC-JTQ <br><br> CIVIL CASE <br><br> **DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY** |

Defendants Jersey Drive Services, LLC, and Joseph Garcia (collectively, "Defendants"),

by their undersigned counsel, Sergei Orel, Esq., respectfully move pursuant to Federal Rule of

Civil Procedure 12(b)(6) to dismiss the Complaint in its entirety, with prejudice. The Complaint

attempts to convert protected opinion, competitive puffery, and lawful online commentary into

federal and state-law liability, in direct conflict with binding Third Circuit and District of New

Jersey precedents.

This Motion is supported by the accompanying Brief, the pleadings on file, and such oral

argument as the Court may permit pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 7.1.

A proposed form of order is attached herewith.

Defendants respectfully request and reserve oral argument with respect to this Motion.

Respectfully submitted,

/s/Sergei Orel
Sergei Orel, Esq.
35 Journal Square Plaza,
Suite 921
Jersey City, New Jersey 07306

1

Attorney for Defendants
Joseph Garcia and
Jersey Drive Services, LLC

Date: January 26, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| 24-7 PRESTIGE TRANSPORTATION AND COURIER SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JERSEY DRIVE SERVICES, LLC and JOSEPH GARCIA, <br><br> Defendants. | Case No.:  3:25-cv-17892-GC-JTQ <br><br> CIVIL CASE |

**BRIEF IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

**PRELIMINARY STATEMENT**

This action should never have been filed. Plaintiff's Complaint is a scorched-earth attempt to punish a competitor for publicly expressing skepticism about marketing practices in an online community forum.

Every claim—federal and state—fails as a matter of law because the challenged statements are non-actionable opinion, rhetorical hyperbole, and competitive puffery. Plaintiff compounds this failure with conclusory allegations of malice, causation, and damages, and with legally defective veil-piercing claims. Dismissal of the entire Complaint with prejudice is required.

This action is an impermissible attempt to transform protected competitive speech and expressions of opinion into federal and state-law liability.

3

Plaintiff's Complaint is fatally defective as to both Defendants and should be dismissed in its entirety with prejudice.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient factual matter to state a plausible claim for relief. Courts must disregard legal conclusions, conclusory allegations, and unwarranted inferences.

Where alleged speech is protected as opinion or puffery, dismissal is appropriate at the pleading stage.

## ARGUMENT

### I. ALL CLAIMS FAIL BECAUSE THE ALLEGED STATEMENTS ARE NON-ACTIONABLE OPINION AND PUFFERY

The Third Circuit has consistently held that opinions, rhetorical hyperbole, and competitive puffery are not actionable under the Lanham Act or New Jersey tort law. Castrol Inc. v. Pennzoil Co., 987 F.2d 939 (3d Cir. 1993); Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc., 653 F.3d 241 (3d Cir. 2011).  Statements questioning whether reviews 'appear fake' or criticizing 'unethical marketing' lack objective verifiability and are therefore immune from liability.

### II. THE LANHAM ACT CLAIM FAILS AS A MATTER OF LAW

Plaintiff's false advertising claim fails because: (a) the statements were not 'commercial advertising or promotion'; (b) they are opinions, not false statements of fact; and (c) Plaintiff pleads no plausible material deception or causation. Santana Prods., Inc. v. Bobrick Washroom

Equip., Inc., 401 F.3d 123 (3d Cir. 2005). Online commentary in a community forum responding to a recommendation request is outside §1125(a)'s scope.

## III. DEFAMATION, UNFAIR COMPETITION, AND TORTIOUS INTERFERENCE CLAIMS FAIL

Under New Jersey law, expressions of opinion and fair comment—particularly in a competitive business context—are protected. Ward v. Zelikovsky, 136 N.J. 516 (1994).

Plaintiff identifies no objectively false statement, no specific lost contract, and no wrongful conduct independent of protected speech. Dissatisfaction with criticism is not defamation or tortious interference. Plaintiff pleads no actionable false statement or cognizable damages.

## IV. THE UNJUST ENRICHMENT CLAIM IS DEFECTIVE

Plaintiff pleads no benefit conferred by Plaintiff upon Defendants, no quasi-contractual relationship, and no inequitable retention. The claim is duplicative and must be dismissed.

## V. THE VEIL-PIERCING AND INDIVIDUAL LIABILITY ALLEGATIONS FAIL

Plaintiff's alter-ego allegations are purely conclusory and fail under New Jersey law. Ownership, control, or participation in speech does not justify piercing the corporate veil. State, Dep't of Envtl. Prot. v. Ventron Corp., 94 N.J. 473 (1983).

## VI. DISMISSAL WITH PREJUDICE IS WARRANTED

Plaintiff cannot cure these defects through amendment.

The Complaint's deficiencies are legal, not factual.

Amendment of the defective Complaint by Plaintiff would be futile.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in its entirety with prejudice as to all Defendants.

Respectfully submitted,

/s/Sergei Orel
Sergei Orel, Esq.
35 Journal Square Plaza,
Suite 921
Jersey City, New Jersey 07306
Attorney for Defendants
Joseph Garcia and
Jersey Drive Services, LLC

Date: January 26, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| 24-7 PRESTIGE TRANSPORTATION AND COURIER SERVICES, LLC,<br><br>   Plaintiff,<br><br>    v.<br><br>JERSEY DRIVE SERVICES, LLC and JOSEPH GARCIA,<br><br>   Defendants. | Case No.:  3:25-cv-17892-GC-JTQ<br><br>CIVIL CASE<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS** |

THIS MATTER having been opened to the Court on Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and the Court having considered the submissions, and for good cause shown;

IT IS on this _____ day of _____, 2026,

ORDERED that Defendants' Motion to Dismiss is GRANTED; and it is further

ORDERED that the Complaint is DISMISSED WITH PREJUDICE in its entirety as to all Defendants; and it is further

ORDERED that the Clerk of the Court shall CLOSE the case.

SO ORDERED.

/s/ _____
Hon. _____

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| 24-7 PRESTIGE TRANSPORTATION AND COURIER SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JERSEY DRIVE SERVICES, LLC and JOSEPH GARCIA, <br><br> Defendants. | Case No.:  3:25-cv-17892-GC-JTQ <br><br> CIVIL CASE <br><br> **CERTIFICATE OF SERVICE** |

I, Sergei Orel, hereby certify that on the 26th day of January, 2026, I caused a true

and correct copy of the foregoing Rule 12 Motion to Dismiss, Legal Brief, Certificate of Service,

and Proposed Order, to be served via email, upon counsel of record for Plaintiff, via ECF

electronic court filing system with the USDC DNJ, in which the below adversary attorney

participates and receives emails of filed documents with the Court:

Lori P. Hager, Esq.
Kyberia Legal LLC
88 South Finley Ave
2nd Fl, Ste A
Basking Ridge, NJ 07920
lori@kyberialegal.com

Dated:  January 26, 2026          Respectfully submitted,

/s/ Sergei Orel
Sergei Orel

8