Lori P. Hager, Esq.
**Kyberia Legal LLC**
88 South Finley Ave., Suite A
Basking Ridge, NJ 07920
Telephone: (833)592-3742
Email: lori@kyberialegal.com
*Attorneys for Plaintiff, 24-7 Prestige Transportation and Courier Services, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| 24-7 PRESTIGE TRANSPORTATION AND COURIER SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JERSEY DRIVE SERVICES, LLC AND JOSEPH GARCIA, INDIVIDUALLY <br><br> Defendants. | Civil Case No. 3:25-cv-17892-GC-JTQ <br><br> *Civil Action* <br><br> **BRIEF OPPOSITION TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS** <br> ***Document Electronically Filed*** |

## I.      INTRODUCTION

24-7 Prestige Transportation and Courier Services, LLC ("Prestige Transportation" or "Plaintiff"), by their counsel, Kyberia Legal, LLC, respond in this Opposition to Jersey Drive Services, LLC, and Joseph Garcia individually (collectively "Jersey Drive" or "Defendants") Rule 12(b)(6) Motion to Dismiss. Plaintiff requests that this court deny the motion as it is improper and as a matter of law and fact, defendants are not entitled to dismiss a complaint that establishes a *prima facie* case against them.

Defendants' Motion attempts to argue that the Complaint should be dismissed pursuant to Rule 12(b)(6), yet the Motion improperly asserts facts that are not in the Complaint alleging that Defendants' statements are nonactionable as were opinions and not defamatory statements. Defendants' unsupported assertions in the Motion are mere conclusory statements that do not suffice to support a Rule 12(b)(6) motion to dismiss. To the extent that such conclusory facts should be considered, the question of whether the statements were defamatory or nonactionable

1

opinions is a question of fact for the trier of fact, and not to be resolved through a Rule 12(b)(6) motion.

Complaint asserted, with particularity, the false defamatory statements against Plaintiff, the publication of the false defamatory statements to third parties, the dates and locations of such statements and the damages suffered by Plaintiff. Plaintiff asserted all elements of each cause of action in the Complaint, and the relief that should be granted. Defendants did not assert and could not assert that the Complaint failed to allege facts that raise a right to relief.  Rather, Defendants asserted, with no factual support or affidavits, an affirmative defense that their statements were opinions, and/or competitive puffery.  Such unsupported factual arguments are not permissive in a Rule 12(b)(6) motion to dismiss and if applicable fail to achieve the legal standards of a Motion for Summary Judgment.

Defendants' motion is an improper attempt to file a motion for summary judgment, but even such motion fails. Defendant's attempt to have the court determine material issues of fact is improper.

Even if the court were to review this matter as a motion for summary judgment, Defendants' arguments fail as Defendant made defamatory statements which were not as a matter of law, protected opinions, one defense to a properly plead claim for defamation. Ultimately, this is a issue of fact to be determined by the trier of fact after discovery is completed. Indeed, nowhere in the motion to dismiss does Defendant question Plaintiff's ability to provide its *prima facie* case of defamation.

Moreover, Plaintiff filed the Complaint, due to Defendants' defamatory statements directly against Plaintiff in a Facebook Community based group, i.e. an online public form. Such statements were posted on the Jersey Drive LLC Facebook page, some signed personally by Joseph Garcia, and some made on Joseph Garcia's individual Facebook page, hence both parties are named as Defendants in the Complaint. As Mr. Garcia's statements amount to admissions of his

2

activity in his personal capacity for which he would be liable regardless of the inclusion of his business. In this matter, there is no need to pierce the corporate veil when one of the owners makes the statements in his personal capacity and on his personal social media web page.

With regard to the Lanham Act, Defendants wrongfully alleged that the Complaint should be dismissed as Defendants' statements were protected opinions, competitive puffery, and were not "commercial advertising or promotion". Defendants' arguments fail, as Defendants' statements, which are detailed and quoted in the Complaint, are more than mere opinions. The multiple statements intentionally accuse, and state as facts, that Plaintiff is an "out of towner," that Plaintiff was using unfair marketing techniques, that Plaintiff has plagiarized content and Plaintiff is acting to the detriment of its clients' privacy. Moreover, Defendants' statements called its online followers to action to support its false statements and specifically divert sales to Defendant. All of these illegal activities occurred prior to and following Plaintiff's Cease and Desist Letter to Defendants. Defendants' statements and online activities were intended to spread false information and were intended to harm Plaintiff's standing in the community. These were not mere opinions, competitive puffery. Moreover, Defendants flaunted the damage it caused to Plaintiff as shown by the number of increased responses and visits to their social media sites as a direct result of this illegal activity. As a matter of law, Plaintiff is entitled to redress. Defendant's actions to intentionally mislead consumers are the exact reasons for the Lanham Act's consumer protections from unfair false competition. As a matter of law, Plaintiff requests that Defendant's motion to dismiss be denied with prejudice.

## II.    THE MOTION FAILS THE LEGAL STANDARD OF RULE 12(b)(6)

Defendant's Motion to Dismiss should be denied with prejudice as it fails to comply with the Court Rules and provides no support to the argument that Plaintiff failed to establish a *prima facie* case for each cause of action listed therein. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint "requires only a short and plain statement of the claim showing that the

3

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In order to survive a motion to dismiss brought pursuant to Rule 12(b)6), a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed.R.Civ.P. 8(a)(2). A court must accept as true all allegations in a plaintiff's complaint and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), although a court is not required to accept sweeping legal conclusions as true. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A plaintiff is required to state sufficient facts to show that the legal allegations are plausible. This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

Plaintiff 's Complaint alleges the facts that raise a right to a relief above the speculative level, and the facts establish a *prima facie* case for each cause of action. To establish defamation claim under New Jersey Law, a plaintiff must show the defendant (1) made a false and defamatory statement concerning the plaintiff; (2) communicated the statement to a third party; and (3) with either knowledge that the statements were false, a reckless disregard for the truth or falsity of the statements, or negligence in failing to ascertain the truth or falsity of the statements. *G.D. v. Kenny,* 205 N.J. 275, 292-93, 15 A.3d 300 (2011); *DeAngelis v. Hill*, 180 N.J. 1, 12-13, 847 A.2d 1261 (2004); *Restatement* (Second) of Torts § 558

Plaintiff has shown in the Complaint that Defendant has made multiple false and defamatory statements against Plaintiff.  Defendant claims that Plaintiff uses unethical marketing, privacy and content creating methods. Specifically, Defendants state that Plaintiff uses "unethical marketing practices including deceptive practices that mislead consumers… making false claims, using manipulative psychological tactics, exploiting vulnerable groups, and violating privacy…

creating fake reviews, sending unsolicited emails, plagiarizing content, and distorting information for profit…" Compl. ¶ 24, *24-7 Prestige Transportation and Courier Services, LLC v. Jersey Drive Services, LLC, and Joseph Garcia individually*, No.: 3:25-cv-17892-GC-JTQ (D.N.J. Nov. 24, 2025) ECF No.1. (hereinafter "Compl.")

Defendants made defamatory false statements insinuating Plaintiff using fake Google reviews, in response to a positive comment of Plaintiff's authentic and proficient services. Compl. ¶ 31. Furthermore, Plaintiff has shown that Defendants made false and defamatory statements claiming that Plaintiff's business is a digital marketing company, using "paid minions" Compl. ¶ 34, and falsely stated that Plaintiff is trying to defend its digital marketing company's "poor practices". Defendant made false defamatory statements against Plaintiff's location, claiming it is an "out of towners" that try to "infiltrate and saturate" the regional market. Compl. ¶ 37.

These factual statements are, by legal definition, false and defamatory as shown in the Complaint. Plaintiff stated that it has not and does not use a digital marketing company to create false reviews. Compl. ¶ 25 – 30. Plaintiff does not violate its client's privacy, does not send unsolicited emails, and does not plagiarize content and distort information for profit. Ibid. Moreover, Plaintiff's business is well established in the community with a place of business in Somerville and employees local to Somerset County, NJ. Compl. ¶ 2, 9. Defendants' statement of "out of towners" pointed to Plaintiff, and following Defendants' prior statements clearly referred to Plaintiff. "A party defamed need not be specifically named, if pointed to by description or circumstances tending to identify it" *Cosgrove Studio & Camera Shop, Inc. v. Pane*, 408 Pa. 314 at 753.

Defendants' false and defamatory statements have been communicated to a third parties, as the statements were posted on multiple social media platforms, including the local Facebook social media group of "Somerville NJ Community Page". Compl. ¶ 24, 31. Defendants have also posted false and defamatory statements on Defendants' business Facebook page, Jersey Drive

5

Services, and on Defendants' Facebook group, named The Central Jersey Forum which has thousands of members. Compl. ¶ 37.

Plaintiff showed in the Complaint that Defendants have acted with knowledge that the statements were false, or at the least with reckless disregard for the truth or falsity of the statements. Defendants disregarded, belittled and claimed for the falsity of the Plaintiff's positive reviews provided by third parties. In response to such reviews, and with knowledge or reckless disregard, Defendants made false defamatory statements against Plaintiff's marketing, privacy, and content creating methods. Compl. ¶ 24. Moreover, Defendants stated with reckless disregard for the truth or falsity of the statements when posting false defamatory statements in response to comments by third-party user, named Danny Greg, Compl. ¶ 24, and third-party user, named Fred Torlish, who have recommended Plaintiff's services and stated to its authentic and quality of service by Plaintiff. Compl. ¶ 31.

Furthermore, following Plaintiff's request in its cease and desist letter, that defendant retract the false defamatory statements, not only did Defendants not retracted the statements but they posted additional false and defamatory statements regarding Plaintiff's practices, stating Plaintiff is a digital marketing company, that is trying to defend its "poor practices" as "out of towners" trying to "infiltrate and saturate" the local market. Defendant called for others to join it efforts against Plaintiff, signing with Defendants' individual name. Compl. ¶ 36 – 37, when Defendants had actual knowledge that the statements are false.

Defendants' Rule12(b)(6) motion has failed as the Complaint alleged facts that raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 544, 555; *see also* Fed.R.Civ.P. 8(a)(2). Moreover, the court must accept as true all allegations in a plaintiff's complaint and view them in the light most favorable to the plaintiff, *Phillips*, 515 F.3d at 231, thus Defendant's motion should be denied.

Defendants' Rule12(b)(6) motion regarding False Advertising, Commercial

Disparagement, under the Lanham Act, 15 U.S.C.S. 1125, fails as well, as Plaintiff has established all the *prima facie* elements in the Complaint which give rise to an entitlement for relief.

To plead a claim under 15 U.S.C.S. 1125(a), a claimant must allege that (a) defendant made a false or misleading statement in a commercial advertisement or promotion about its own or the claimant's product or service; (b) the statement actually deceived or at least had a tendency to deceive a substantial portion of the intended audience; (c) the deception was material in that it likely influenced purchasing decisions; (d) the advertised product traveled in interstate commerce; and (e) the claimant was likely to be or was injured by the false or misleading statement.

Plaintiff has shown that the false defamatory statements have been made in a commercial advertisement or promotion of its own business, as Defendants' statements have been made on social media, some posted in response to a potential client requesting the services provided by both Plaintiff and Defendants. Compl. ¶ 24. Defendants have clearly made such statements to promote its business and to divert clients to its own business on account of Plaintiff's reputation and goodwill. Moreover, Defendants have promoted and named their business as an authentic business and warned potential clients from doing business with the Plaintiff. Compl. ¶ 34.

Defendants made false defamatory statements against Plaintiff's marketing, privacy, and content creating methods, stating Plaintiff uses unethical marketing practices to deceive and mislead consumers, making false claims, creating fake reviews and using manipulative psychological tactics, to exploit vulnerable groups. Such statements, which were made public, as posted in the comments section in response to a post of a potential client looking for recommendations for a private transportation company.

As an example, the false defamatory statements were made directly against Plaintiff, commented in response to a third party user named Danny Greg, recommending  Plaintiff's services. Compl. ¶ 24. In a comment to a third-party user named Fred Torlish, recommending Plaintiff's services, Defendants repeated the false defamatory statements against Plaintiff, stating

that it uses fake reviews. Compl. ¶ 31.

The false defamatory statements had tendency to deceive and actually deceived substantial portion of the intended audience, as the statements were made public, tarnishing Plaintiff's reputation and reliability, stating the positive reviews are fake, and that Plaintiff uses unethical marketing, privacy, and content creating methods, in the comments section of a post searching for a private transportation company, on a Facebook group page in the community where Plaintiff's clients reside.

Defendants have posted false defamatory statements not only in one regional community Facebook group but also posted on Defendants' business Facebook page and on Defendants' Facebook group, named The Central Jersey Forum which has thousands of members. Compl. ¶ 37. The deception was material and likely to influence clients and potential clients in purchasing decisions, as posted to a wide range of clients and potential clients, and some of the statements even included a call to potential clients not to purchase from Plaintiff, and to purchase from Defendants instead. Compl. ¶ 34, 37.

The fact that the statements were made public on several Facebook groups and on Defendants' business Facebook page, means that the false defamatory advertising statements traveled in interstate commerce, as many users of the internet reside in different States. Moreover, Plaintiff does business other states and has clients in other states.

Plaintiff has been injured from Defendants' false defamatory advertising statements, Defendants themselves posted on Facebook. Since posting the defamatory false statements against Plaintiff, the views of Defendants' business Facebook page have increased in fifty seven percent (57%) from the week before posting the false defamatory advertising statements, from Facebook users in the cities where Plaintiff's clients reside. Compl. ¶ 40. On the other hand, Plaintiff's views have decreased in the week after the false defamatory advertising statements have been posted. It is clear that Plaintiff has been injured by Defendants' false defamatory advertising statements.

8

Plaintiff's Complaint sufficiently states all of its claims for which a relief can, and should be granted, as a result of Defendants' false defamatory statements. Therefore, Defendants' Rule12(b)(6) motion regarding False Advertising, Commercial Disparagement, under the Lanham Act, 15 U.S.C.S. 1125, fails. Accordingly, Plaintiff requests the court to deny the Rule 12(b)(6) Motion to dismiss.

### III. DEFENDANTS' MOTION IS A MOTION FOR SUMMARY JUDGEMENT AND STILL FAILS

Defendants' presented new facts in the motion, attempting to argue that the disputed facts are a legal question that can be decided by the court through a motion. This argument an improper motion to dismiss and fails as a motion for summary judgment. The issues presented to this court are not legal questions, but disputed issues of material fact that must be determined by the trier of fact, the jury. Therefore, Plaintiff requests the Court to deny the motion with prejudice.

Defendants' motion is an attempt to assert without support, that Defendants' statements were opinion and competitive puffery and therefore are nonactionable opinions. Defendants improperly request the court to resolve these factual disputes at the motion stage. However, the law provides that Defendants' statements were not mere opinion or competitive puffery statements, but defamatory statements.

New Jersey has adopted the *Restatement (Second) of Torts* § 566 ("*Restatement*"), holding that a statement of opinion is actionable only if it implies the existence of undisclosed defamatory facts. The court emphasized that the First Amendment protects pure opinions but not those that suggest hidden defamatory facts. *Dunn v. Gannett New York Newspapers, Inc*., 833 F.2d 446. Mixed opinions, which are opinions based on undisclosed facts or assumptions, are similarly nonactionable "unless they imply false underlying objective facts." *Pacira Biosciences, Inc. v. Am. Soc'y of Anesthesiologists, Inc.,* 63 F.4th 240, 245 quoting *Lynch v. N.J. Educ. Ass'n*, 161 N.J. 152, 735 A.2d 1129, 1137 (N.J. 1999).

It is the function of the court, and not the factfinder, to decide if the contested statement is defamatory on its face. *Lawrence v. Bauer Publishing & Printing*, 459 U.S. 999. Words that subject a person to ridicule, hatred, or contempt or which "clearly 'sound to the disreputation' of an individual," are defamatory on their face. *Id.* If the language at issue is capable of both a defamatory and a nondefamatory meaning, there exists a question of fact for the jury to decide. *Dunn* 833 F.2d 446

When reviewing a motion for summary Judgement, the court considers the evidence "in the light most favorable to the non-moving party and analyze whether the moving party was entitled to judgment as a matter of law." *W.J.A. v. D.A.,* 210 N.J. 229, 237-38, 43 A.3d 1148 (2012) (citing *Brill v. Guardian Life Ins. Co. of Am.*, 142 N.J. 520, 523, 666 A.2d 146 (1995)); *R.* 4:46-2(c).

Defendants' unsupported assertion in its motion that Defendants' statements are mere opinion and therefore are nonactionable is an improper assertion in a motion to dismiss. However, if the court is going to address same, such opinions or mixed statements can be defamatory actionable statements. The question whether a statement is capable of both defamatory and nondefamatory meanings, is a question of fact for the jury to decide. Therefore, Plaintiff requests the court to deny the improperly filed motion for summary judgement as pursuant to Defendants' own admission, at a minimum, the statements could be both defamatory and nondefamatory in meaning.

## IV.    THE STATEMENTS ARE DEFAMATORY AND NOT OPINION

Even if the Court decides to review the motion, and to examine Defendants' argument that the statements were opinions, Defendants' argument do not prevail. Defendants' statements were allegations of undisclosed facts that intend to harm Plaintiff's reputation and sully its standing in the community. As mentioned, New Jersey has adopted the *Restatement* to determine whether an opinion is actionable as defamation. See *Kotlikoff v. The Community News,* 89 N.J. 62, 444 A.2d

1086, 1089 (1982). The Restatement provides that a defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion. *Dunn v. Gannett New York Newspapers, Inc.*, 833 F.2d 446. "opinion statements do not trigger liability unless they imply false underlying objective facts. *Lynch v. N.J. Educ. Ass'n,* 161 N.J. 152, 167-168. Defendants' statements are defamatory as they were presented as facts regarding undisclosed information, claiming Plaintiff's location, alleged use of unethical marketing methods and plagiarized content. Compl. ¶ 24, 31, 37. Plaintiff's location, marketing methods and content creations are undisclosed facts, and Defendants false statements are actionable defamation and not opinion statements.

The Court has also established elements it considers when determining if a statement is actionable defamation. The Court will consider (1) content, (2) verifiability, and (3) context of the statements. See *Lynch v. N.J. Educ. Ass'n,* 161 N.J. 152, 735 A.2d 1129, 1137 (N.J. 1999). Quoted in *Pacira Biosciences, Inc. v. Am. Soc'y of Anesthesiologists, Inc.*, 63 F.4th 240, 245. The content of Defendants' statements is not mere puffery or claims of relative superiority, Defendants' content of statement state as facts that the marketing methods of Plaintiff.  It is uncontested that Defendant accused Plaintiff of "making false claims, using manipulative psychological tactics, exploiting vulnerable groups, and violating privacy... creating fake reviews, sending unsolicited emails… plagiarizing content, and distorting information for profit." Compl. ¶ 24. The verifiability element turns to whether the statements are presented as facts that can be proven true or false. *Ward v. Zelikovsky*, 136 N.J. 516, 531-532.

Defendants' statements that relate to the facts of Plaintiff's location, marketing methods, and legitimacy of its reviews can be proven as false. Compl. ¶ 28-29. Plaintiff's reviews within the Facebook post, and Google reviews are authentic, honest reviews by Plaintiff's clients. Plaintiff has never paid for bots to write false reviews, and Plaintiff does not use illegitimate marketing methods. Ibid. Plaintiff can prove that the statements relate to Plaintiff privacy

11

methods, and does not send "unsolicited emails" as Plaintiff values its clients' privacy and allows clients to opt-in and opt-out of its newsletter and advertisement.

Moreover, Defendants defamatory false statements regarding Plaintiff's location can be proven as false, as Plaintiff's business is located in Somerville and employees local employees within the Somerset County, NJ. Compl. ¶ 2, 9.

The third element, the context of the statements, "The listener's reasonable interpretation, which will be based in part on the context in which the statement appears, is the proper measure for whether the statement is actionable." *Restatement (Second) of Torts, supra*, § 566 comment c. in *Ward*, 516, 532. Defendants' statements were made in comments section in response to a recommendation request for private transportation services, such as provided by both Plaintiff and defendant, in a community-based Facebook Group. The statements were not published in context of a dispute between the parties, but in the context of honest recommendations between members of the community. Some of Defendants' statements were responses to positive reviews for Plaintiff services under the recommendation post. Defendants' false defamatory statements regarding undisclosed information of Plaintiff's practices, in the context of community recommendation-based post on a community members Facebook Group are defamatory statements. Therefore, Plaintiff requests the Court deny Defendants' motion to dismiss the complaint, as there are no grounds to the claim that the defamatory statements are opinions.

## V.   THE STATEMENTS WERE COMMERCIAL ADVERTISING OR PROMOTION UNDER LANHAM ACT AND CAUSED UNJUST ENRICHMENT TO DEFENDANTS

Defendants' claim that the statements were not 'commercial advertising or promotion' under the LANHAM Act, and that Plaintiff has not suffered damages from Defendants' defamatory false statements is unsupported by the facts of this case.

Courts have held that a statement is defamatory if "it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from

12

associating or dealing with him." *Tucker v. Fischbein*, 237 F.3d 275, 282  (quoting *Birl v. Phila. Elec. Co.,* 402 Pa. 297, 167 A.2d 472, 476 (Pa. 1960) "'the kind of harm which has grievously fractured [one's] standing in the community of respectable society.'" *Tucker v. Phila. Daily News,* 577 Pa. 598, 848 A.2d 113, 124 (Pa. 2004) (quoting *Scott-Taylor, Inc. v. Stokes,* 425 Pa. 426, 229 A.2d 733, 734 (Pa. 1967)) Plaintiff standing and reputation in the community has clearly been harmed from Defendants' defamatory false statements.

"Unjust enrichment imposes a duty, not as a result of any agreement, but in spite of the absence of an agreement, when one party receives unjust enrichment at the expense of another." *SEI Invs. Global Funds Servs. v. Citibank, N.A.*, 100 F. Supp. 3d 447, 456 citing *Lackner v. Glosser*, 2006 PA Super 14, 892 A.2d 21, 34 (Pa. Super. Ct. 2006).

Defendants have publicly stated on its Facebook page that since posting the defamatory false statements against Plaintiff, the views of Defendants' business Facebook page have increased. Defendants have provided the statistics and posted the exact increase in the amount of Facebook traffic since posting the Statements. Defendants also bragged that the views were made from the sites of the online community group, which clearly shows that Defendants profited from the defamatory statements. Compl. ¶ 40-41.

Defendants' unjust methods of stating false information as were facts, tarnishing Plaintiff's reputation and goodwill in the community to promote its own company, are an unjust enrichment on the expanse of Plaintiff's reputation. Defendants' unlawful conduct made specifically to increase their sales and harm the competition should be condemned, as Defendants should not be allowed to be unjustly enrich from the unlawful conduct of Defendant. No contractual relationship between the parties need to be formed for an unjust enrichment claim to apply, rather than one party receiving unjust benefits at the expense of another. Defendants bragged about its unjust enrichment on behalf of Plaintiff's good reputation and goodwill in the community, as it publicly stated on Defendants' Facebook page that its views have increased since posting false defamatory

statements. Compl. ¶ 40-41.

Defendants have publicly stated that the statement promoted its business and were clearly made for commercial advertising. On the other hand, it is undisputed that Plaintiff has suffered and continues to suffer reputational and financial damage from Defendants' defamatory false statements through loss of business and goodwill. Defendants should not be allowed to unjustly enrich from harming Plaintiff's reputation with its false defamatory statements.

## VI.    INDIVIDUAL LIABILITY, PIERCING THE CORPORATE VEIL

Defendants' claims that it did not act in individual capacity and Plaintiff is not entitled to pierce the corporate veil, are without merit. The complaint does not attempt to pierce the corporate veil, but to address the unlawful actions by Defendants' company, and directly by Defendant Joseph Garcia as an individual. Furthermore, as evidence, the Complaint does not name other owners of Jersey Drive LLC, but only names Defendant Garcia personally as an individual and not as the owner of the company. Defendant Garcia posted defamatory statements personally. Defendant Garcia signed his own name in multiple comments from its business Facebook page and posted on his individual Facebook page to increase the advantage he received out of the unlawful conduct. Plaintiff's claims against Mr. Garcia stand regardless of whether his business is named.  Indeed, Plaintiff, by law, could have file two separate complaints as the claims are not reliant. Mr. Garcia's conduct was intended to ensure the public was aware that Defendant is acting both in his individual capacity and as a business, in the unlawful acts.  Therefore, as a matter of law, Plaintiff is entitled to pursue its claims against Mr. Garcia. Plaintiff request that Defendants' motion to dismiss be denied without prejudice.

## VII.    CONCLUSION

Defendants' Rule 12(b)(6) motion to dismiss should be denied, as the complaint has provided *prima facie* evidence for the claims upon which relief can and should be granted. Defendants' unsupported assertions that Defendants' statements were nonactionable opinions

14

should not be decided at the motion stage, not as a Rule 12(b)(6) motion to dismiss, nor as a motion for summary judgement. Defendants' statements were false defamatory statements, but even if the court decides to review the statements as opinions, the question of whether opinions or mixed statements are actionable as defamation statements is a question for the trier of facts that should be decided by the jury. At the motion stage, the Court must review the facts in the light most favorable for the Plaintiff, or the non-moving party.

The complaint has provided on its face the reasoning and facts that prove the statements are false and defamatory which are harming Plaintiff's reputation. Defendants have not provided any legal reasoning that the statements provided in the complaint are legally protected and not defamatory false statements. Therefore, Plaintiff requests the Court deny Defendants' Motion to Dismiss.

Respectfully submitted,

By: /s/*Lori P. Hager*
    Lori P. Hager, Esq.

Dated: February 20, 2026.

15