NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| 24-7 PRESTIGE TRANSPORTATION AND COURIER SERVICES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JERSEY DRIVE SERVICES, LLC and JOSEPH GARCIA,<br><br>    Defendants. | Civil Action No. 25-17892 (GC) (JTQ)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Defendants Jersey Drive Services, LLC and Joseph Garcia's Motion to Dismiss Plaintiff 24-7 Prestige Transportation and Courier Services, LLC's Complaint (ECF No. 1) under Federal Rule of Civil Procedure (Rule) 12(b)(6).  (ECF No. 10.)  Plaintiff opposed, and Defendants did not reply.  (ECF No. 14); and

**WHEREAS** Plaintiff is a provider of private transportation services in New Jersey, and it has more than 400 positive Google reviews.  (ECF No. 1 ¶¶ 2, 14.)  Defendant Jersey Driver Services, LLC is a direct competitor in the New Jersey private transportation services market.  (*Id.* ¶¶ 10, 74.)  Defendant Joseph Garcia is the owner or manager of Jersey Driver Services, LLC.  (*Id.* ¶ 11); and

**WHEREAS** each of the three parties operates a separate Facebook account.  (*Id.* ¶¶ 16-18.)  On November 18, 2025, a Facebook user in the "Somerville NJ Community Page" Facebook group asked for private transportation service recommendations.  (*Id.* ¶ 24.)  Another user recommended Plaintiff.  (*Id.*)  Defendant Joseph Garcia replied and stated that Plaintiff's "Google

reviews are fake plain as day" and referred to Plaintiff's Google review tactics as "unethical." (*Id.*) Plaintiff alleges that all of its positive Google reviews are authentic comments by Plaintiff's existing or previous clients and that it has never paid for or used "bots" to post reviews. (*Id.* ¶¶ 25, 29); and

**WHEREAS** later that day, in the same Facebook thread, Defendants advertised their own services and referenced competitors' illicit marketing tactics: "be careful with the digital marketing companies that recommend limo company as well as their paid minions. This is a new marketing scene, but I can guarantee you that Jersey Drive Services is the only thing moving around here. 10 + years in business[.]" (*Id.* ¶ 34.) On November 19, 2025, also in the same Facebook thread, a separate user recommended Plaintiff's services and wrote that Plaintiff's owners are "100% authentic & 100% proficient." (*Id.* ¶ 31.) Garcia replied to that comment: "So if you go to their Google reviews would you put money on it that all those reviewers ha[ve] in fact used their company? It's plain as day!" (*Id.*); and

**WHEREAS** later that day, Plaintiff served Defendants with a cease-and-desist letter, demanding that they retract and remove all false public allegations by November 21, 2025. (*Id.* ¶ 36.) Defendants did not comply. (*Id.*) Instead, still on November 19, 2025, Garcia posted about Plaintiff in the "Central Jersey Forum" Facebook group, which Defendants operate and is comprised of several thousand members. (*Id.* ¶¶ 19, 37.) The post stated:

> I need our Group members to defend my company in this group please. There was a request for Limousine recommendations and a digital marketing company is trying to defend their poor practices while all I'm trying to do is defend small businesses in town and not let out of towners infiltrate and saturate our market. Please join my efforts and I'll always have your back as well. Love, Joseph.

(*Id.* ¶ 37); and

2

**WHEREAS** Defendants' business Facebook page received nearly 150,000 views, including from many New Jersey Facebook users, during the week surrounding these events. (*Id.* ¶¶ 40-41.) As a result of these posts, Plaintiff alleges Defendants "have gained economic interest" and Plaintiff "has suffered and continues to suffer reputational and financial damage." (*Id.* ¶ 42); and

**WHEREAS** on November 24, 2025, Plaintiff filed its Complaint in this Court. (*See generally* ECF No. 1). Plaintiff brings claims for false advertising and commercial disparagement in violation of the Lanham Act, 15 U.S.C. § 1125 (Count One); defamation, libel, and slander under New Jersey common law (Count Two); unfair competition and tortious interference with business relations under New Jersey common law (Count Three); and unjust enrichment under New Jersey common law (Count Four). (*Id.* at 8-12.)[1] Plaintiff also brings a claim for "individual liability" against Garcia (Count Five). (*Id.* at 12-13)[2]; and

**WHEREAS** on January 27, 2026, Defendants filed a Motion to Dismiss for failure to state a claim, Plaintiff opposed, and Defendants did not reply. (ECF Nos. 10, 14); and

**WHEREAS** on a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins.*

---

[1] Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[2] The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. The Court will not construe Count Five as a separate Count but will instead treat it as Plaintiff's intention to bring each Count not just against Defendant Jersey Drive Services, LLC, but also against Defendant Garcia. (*See* ECF No. 14 at 14 ("The complaint does not attempt to pierce the corporate veil, but to address the unlawful actions by Defendants' company, and directly by Defendant Joseph Garcia as an individual.").)

3

*Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)).  When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements."  *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)).  The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim."  *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)); and

**WHEREAS** Defendants contend its alleged Facebook posts are not actionable statements but are instead "opinions, rhetorical hyperbole, [or] competitive puffery" that are "immune from liability" under the Lanham Act and New Jersey common law.  (ECF No. 10 at 4.)  In particular, Defendant argues that its statements are not actionable because they lack "objective verifiability."  *Id.*  Defendants cite two cases for its position: *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939 (3d Cir. 1993) and *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241 (3d Cir. 2011).  It is unclear where the Court's attention should be directed with respect to either case because Defendants fail to provide pincites and neither appears to specifically apply a "verifiability" analysis; and

**WHEREAS**, in any event, Plaintiff has alleged "verifiable" statements, and Defendants have not met their burden of demonstrating why these statements are not otherwise actionable.  "Whether a statement is . . . nonactionable . . . is a threshold question of law."  *Pacira BioSciences,*

4

*Inc. v. Am. Soc'y of Anesthesiologists, Inc.*, 63 F.4th 240, 245 (3d Cir. 2023).  To determine whether a statement is nonactionable, "a court must consider three factors: (1) the content, (2) the verifiability, and (3) the context of the challenged statement." *Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1113 (N.J. 2009) (citation modified).  The "verifiability" inquiry requires the Court to determine whether the statements at issue are pure statements of fact "capable of . . . truth or falsity[.]" *Pacira*, 63 F.4th at 246-47; *see also Lynch v. N.J. Educ. Ass'n*, 735 A.2d 1129, 1137 (N.J. 1999) ("A statement's verifiability refers to whether it can be proved true or false [and, a]bsent a settled meaning, the truth or falsity of [the statement] is not susceptible to such proof."). "Requiring that a statement be verifiable ensures that defendants are not punished for exercising their First Amendment right to express their thoughts." *Ward v. Zelikovsky*, 643 A.2d 972, 979 (N.J. 1994); and

**WHEREAS** here, Defendants posted that Plaintiff's "Google reviews are fake plain as day" because, according to Defendants, the reviews do not come from authentic customers but rather from "paid minions."  (ECF No. 1 ¶¶ 24, 34.)  The Court rules that it is verifiable whether Plaintiff's Google reviews were submitted by Plaintiff's previous or existing customers or were instead submitted by users who were paid to post positive reviews.  Because the Court finds verifiability weighs in favor of actionability, and because Defendants do not argue the content or context of the challenged statements weigh against actionability,[3] the Court finds Defendants' argument that the statements are not actionable to be unavailing; and

**WHEREAS**, in the alternative, Defendant seeks dismissal of the five Counts for failure to plead the elements of each Count.  (ECF No. 10 at 4-5.)  However, Defendants devote only

---

[3]    "Absent compelling circumstances . . . failure to raise an argument in one's opening brief waives it." *Anspach v. City of Philadelphia*, 503 F.3d 256, 258 n.1 (3d Cir. 2007).

approximately one page to dismissal of all five Counts on these alternative grounds, and they provide just two to four sentences per Count, zero to one case citation per Count, no pincites, and no reply brief. (*Id.*); and

**WHEREAS** the defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg.,* 974 F.3d at 231. And "an argument consisting of no more than a conclusory assertion . . . will be deemed waived." *Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997); *see also Sw. Pa. Growth All. v. Browner*, 121 F.3d 106, 122 (3d Cir. 1997) ("[D]eciding legal issues without proper briefing can result in bad decisions."); *Carolyn S. v. Comm'r Soc. Sec.*, Civ. No. 21-10858, 2022 WL 4550628, at *4 (D.N.J. Sep. 28, 2022) (stating that "[t]he Court is not obligated to consider . . . undeveloped arguments" that are "fragmented, repetitive, scattershot, and otherwise incomplete") (citing *Convoy v. Leone*, 316 F. App'x 140, 144 n.5 (3d Cir. 2009) (stating that the inclusion of only "one conclusory sentence" in an argument constitutes an "undeveloped argument [that] has been waived")); *Ribaudo v. Saul*, Civ. No. 17-7207, 2020 WL 5088635, at *15 (D.N.J. Aug. 28, 2020) ("The Court does not assemble arguments for a party from fragments, and need not address undeveloped arguments." (citation modified)); *Natreon, Inc. v. Ixoreal Biomed, Inc.,* Civ. No. 16-4735, 2017 WL 3131975, at *9 (D.N.J. July 21, 2017) ("It is not the role of this Court to make legal arguments for the parties."); *Hitachi Cable Am., Inc. v. Wines*, Civ. No. 85-4265, 1986 WL 2135, at *6 (D.N.J. Feb. 14, 1986) (denying motion when "it is clear from the length of the substantive arguments made that not all of the legal issues have yet been fleshed out"); and

**WHEREAS** accordingly, the Court finds Defendants have not met their burden to establish that the Complaint fails to state a claim. *See In re Plavix Mktg.,* 974 F.3d at 231; *Reynolds*, 128 F.3d at 178; *Browner*, 121 F.3d at 122; *Carolyn S.*, 2022 WL 4550628, at *4; *Convoy*, 316 F. App'x

at 144 n.5; *Ribaudo*, 2020 WL 5088635, at \*15; *Natreon,* 2017 WL 3131975, at \*9; *Hitachi Cable Am.,* 1986 WL 2135, at \*6.  As such, and for other good cause shown,

IT IS on this 30th day of June, 2026 **ORDERED** as follows:

1.  Defendants' Motion to Dismiss (ECF No. 10) is **DENIED**.

2.  The Clerk's Office is directed to **TERMINATE** the Motion pending at ECF No. 10.

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**